UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFE PROJECT, LLC, a New York limited liability company, and DR. PETER BACH,

    Plaintiffs,

v.

ILLUMINA, INC., a Delaware corporation, GRAIL, INC., a Delaware corporation, and COMPUTERSHARE TRUST COMPANY, N.A.,

    Defendants.

Case No. 1:24-cv-03872-DLC

---

MEMORANDUM OF LAW OF DEFENDANT COMPUTERSHARE TRUST COMPANY, N.A. IN SUPPORT OF MOTION TO DISMISS COMPLAINT

---

James H. Forte, Esq. (JF 2248)
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333

Attorneys for Defendant
Computershare Trust Company, N.A.

{01752254.DOC }

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS AND STANDARD OF REVIEW ....................................................... 2

ARGUMENT .................................................................................................................................. 2

      PLAINTIFFS' CONTRACT CLAIMS AGAINST COMPUTERSHARE FAIL
      BECAUSE COMPUTERSHARE WAS NOT A PARTY TO THE MERGER
      AGREEMENT ................................................................................................................... 2

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Wachovia Mort. Corp.,
  497 F. Supp.2d 572 (D. Del. 1999) ...................................................................................... 6

Fitzgerald v. Cantor,
  C.A. No. 16297-NC, 1998 Del. Ch. LEXIS 212 (Ch. Nov. 10. 1998) ................................ 7

Kramer v. Lockwood Pension Servs.,
  653 F. Supp.2d 354 (S.D.N.Y. 2009) .................................................................................. 4

Kuroda v. SPJS Holdings, L.L.C.,
  971 A.2d 872 (Del. Ch. 2009) ............................................................................................. 3

Ryan v. Buckeye Partners, L.P.,
  C.A No. 2021-432-JRS, 2022 Del. Ch. LEXIS 31 (Ch. Feb. 9, 2022), aff'd,
  2022 Del. LEXIS 299 (Del. Oct. 3, 2022) ........................................................................... 5

Shaev v. Adkerson,
  C.A. No. 10436-VCN, 2015 Del. Ch. LEXIS 256 (Ch. Oct. 5, 2015) ................................ 5

Talkdesk, Inc. v. DM Trans, LLC,
  C.A. No. N23C-08-005 MAA CCLD, 2024 Del. Super. LEXIS 442 (Sup. Ct.
  Feb. 9, 2024) ....................................................................................................................... 4

VLIW Tech., L.L.C. v. Hewlett-Packard Co.,
  840 A.2d 606 (Del. 2003) .................................................................................................... 3

Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,
  901 A.2d 106 (Del. 2005) ................................................................................................ 4, 5

Wallace v. Wood,
  752 A.2d 1175 (Del. Ch. 1999) ........................................................................................ 3, 4

Whitestone REIT Operating P'ship, L.P. v. Pillartone Cap. REIT,
  C.A. No. 2022-0607-LWW, 2024 Del. Ch. LEXIS 16 (Del. Ch. Jan. 25, 2024) ................. 6

Wolff v. Rare Medium, Inc.,
  171 F. Supp.2d 354 (S.D.N.Y. 2001) .................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

## PRELIMINARY STATEMENT

Defendant Computershare Trust Company, N.A. ("Computershare") submits this memorandum of law in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the Complaint of plaintiffs Life Project, LLC and Dr. Peter Bach (collectively "Plaintiffs") for failure to state a claim upon which relief can be granted.

The Complaint contains three Counts. Only Counts I and II are asserted against Computershare. Plaintiffs describe Counts I and II as follows:

a) Breach of contract arising from the breach of the Merger Agreement (defined below) where Plaintiff was an intended third-party beneficiary;

b) Breach of the implied covenant of good faith and fair dealing as to the Merger Agreement . . .

(Complaint, ¶2).

Computershare joins and incorporates the arguments set forth in the Points I and II of the memorandum of law of defendants Illumina, Inc. ("Illumina") and GRAIL, Inc. ("GRAIL"), which mandate the dismissal of Counts I and II of the Complaint against all defendants. In Point I, Illumina and GRAIL demonstrated that the language of the Merger Agreement does not include Plaintiffs within the narrow class of person entitled to enforce that Agreement and that, under applicable law, language limiting those who may be third-party beneficiaries to an agreement is enforceable. (Illumina Mem. at 6-7 and 9). In Point II, Illumina and GRAIL established that Plaintiffs were not in a contractual relationship with any of the defendants and that, under applicable law, the absence of such a relationship bars any claim based upon the implied covenant of good faith and fair dealing. (Id. at 10-11).

Even if this Court were to find that either or both of the Plaintiffs were third-party beneficiaries of the Merger Agreement, and they are not, Computershare is still entitled to a

{01752254.DOC }

dismissal of the Complaint against it. Plaintiffs have admitted in their Complaint that Computershare was not a party to the Merger Agreement. Because an essential element of a breach of contract claim under Delaware law[1] is the existence of a contract between the parties, and Plaintiffs are not parties to any contract with Computershare, Count I of the Complaint for breach of express contract must be dismissed.

A similar fate befalls Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. Under Delaware law, an essential element of a claim for breach of the covenant of good faith and fair dealing is the existence of a contract between the parties. As stated supra, no such contract, express or implied, exists between Plaintiffs and Computershare, or is adequately pleaded in the Complaint. Accordingly, Count II also fails to state a claim against Computershare upon which relief can be granted.

## STATEMENT OF FACTS AND STANDARD OF REVIEW

For brevity's sake, Computershare relies upon the Applicable Legal Standard and Factual Background set forth in Illumina's and GRAIL's Memorandum of Law.

## ARGUMENT

## PLAINTIFFS' CONTRACT CLAIMS AGAINST COMPUTERSHARE FAIL BECAUSE COMPUTERSHARE WAS NOT A PARTY TO THE MERGER AGREEMENT

Section 11.07(a) of the Merger Agreement provides that the Merger Agreement "shall be governed by, and construed in accordance with, the laws of the State of Delaware, without giving effect to any choice or conflict of law provisions or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Delaware." Under Delaware law, "[i]n order to survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must demonstrate:

_____

[1] It is undisputed that the Merger Agreement is governed by Delaware law. (Affidavit of James H. Forte, sworn to on August 20, 2024 ("Forte Aff."), Exhibit B, § 11.07).

{01752254.DOC }                                    2

first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." VLIW Tech., L.L.C. v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003); see Kuroda v. SPJS Holdings, L.L.C., 971 A.2d 872, 883 (Del. Ch. 2009) (same). "It is a general principle of contract law that only a party to a contract may be sued for breach of that contract." Wallace v. Wood, 752 A.2d 1175, 1180 (Del. Ch. 1999).

Count I of the Complaint is entitled "**Breach of Contract/Intended Third-Party Beneficiary**." (Complaint, Count I).[2] In Count I, Plaintiffs allege that they "were intended third-party beneficiaries of the Defendants' Merger Agreement and of their contract with Computershare by which it acted as Exchange Agent." (Complaint, ¶89). They further allege that they "did not receive prompt delivery of their 2,754 converted Shares of Illumina stock, in violation of the Merger Agreement." (Id., ¶92). According to Plaintiffs, "[a]s a result, Defendants breached the Merger Agreement" and plaintiff allegedly suffered damages. (Id., ¶¶93, 97).

Plaintiffs have admitted in their Complaint that Computershare was not a party to the Merger Agreement. (Id., ¶38). Although Plaintiffs did not attach a complete version of the Merger Agreement to their Complaint, the introductory clause identifies the parties to the Merger Agreement as follows:

> AGREEMENT AND PLAN OF MERGER, dated as of September 20, 2020 (this 'Agreement'), among Illumina, Inc., a Delaware corporation ('Parent'), SDG Ops, Inc., a Delaware Corporation and direct, wholly owned subsidiary of Parent ('First Merger Sub'), SDG Ops, LLC, a Delaware limited Liability company and a direct, wholly owned subsidiary of Parent ('Second Merger Sub'), and GRAIL, Inc., a Delaware Corporation (the 'Company').

---

[2] A copy of the Complaint with exhibits is attached as Exhibit A to the Forte Aff.

(Complaint, Exhibit B, Introductory Clause).

As this language makes clear, Computershare was not a party to the Merger Agreement. Because Computershare was not a party to the Merger Agreement, it cannot be sued for breach of the Merger Agreement. See Wallace, 752 A.2d at 1180. Therefore, the Complaint against Computershare does not state a claim for breach of contract upon which relief can be granted and must be dismissed.

Computershare anticipates, however, that Plaintiffs will argue that, because they make a passing reference to their status as an alleged third-party beneficiary of Illumina's and GRAIL's "contract with Computershare by which it acted as Exchange Agent,"[3] they have adequately pleaded a breach of contract claim against Computershare. They are mistaken for at least two reasons.

First, under Delaware law,[4] a claim for breach of contract must identify an express contractual obligation that was breached. See Wal-Mart Stores, Inc. v. AIG Life Ins. Co., 901 A.2d 106, 116 (Del. 2005) (granting motion to dismiss breach of contract claim because amended complaint did not identify any express provision that was breached); Talkdesk, Inc. v. DM Trans, LLC, C.A. No. N23C-08-005 MAA CCLD, 2024 Del. Super. LEXIS 442 at *11 (Sup. Ct. Feb. 9, 2024) (granting motion to dismiss breach of contract claims because plaintiff "fails to allege specific contractual provisions or obligations that [defendant] breached, . . .").

---

[3] (Complaint, ¶89).

[4] New York law also requires a plaintiff to plead the specific provisions of the contract allegedly breached to adequately state a claim for breach of contract. See Wolff v. Rare Medium, Inc., 171 F. Supp.2d 354, 358 (S.D.N.Y. 2001) ("Under New York law, to establish a breach of contract a plaintiff must plead the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach. In pleading these elements, a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue."); see also Kramer v. Lockwood Pension Servs., 653 F. Supp.2d 354, 386 (S.D.N.Y. 2009) ("In pleading such a claim, a plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue.").

In <u>Shaev v. Adkerson</u>, C.A. No. 10436-VCN, 2015 Del. Ch. LEXIS 256 (Ch. Oct. 5, 2015), the court granted a motion to dismiss a breach of contract claim because the complaint failed "to identify any specific provision" in the contract that was breached. <u>Id.</u> at *12. Quoting from the Supreme Court's decision in <u>Wal-Mart Stores</u>, the court stated that "[w]here a plaintiff fails to identify any contract provision that was breached, the 'count fails to state a claim upon which relief can be granted.'" <u>Id.</u>

The rationale for the requirement that a plaintiff identify a specific provision of the contract between the parties that was breached was explained in <u>Ryan v. Buckeye Partners, L.P.</u>, C.A No. 2021-432-JRS, 2022 Del. Ch. LEXIS 31 (Ch. Feb. 9, 2022), <u>aff'd</u>, 2022 Del. LEXIS 299 (Del. Oct. 3, 2022). There, the court dismissed a breach of contract claim where, as here, plaintiff "fail[ed] to cite a single provision" of the contract that was allegedly breached. <u>Id.</u> at *13. In reaching that decision, the court explained that "[t]his failure is not a technical foot fault; it reflects, instead, a fundamental failure to give . . . Defendants fair notice of the claim asserted against them . . . " <u>Id.</u> (collecting cases).

Here, Plaintiffs do not identify any specific provisions of the agreement under which Computershare acted as an Exchange Agent that Computershare allegedly breached. Nor do they attach a copy of such an agreement to their Complaint. Thus, they have failed under Delaware law to adequately plead a breach of contract claim against Computershare.

Second, Plaintiffs do not allege that Computershare breached the contract by which it acted as an Exchange Agent. To the contrary, Plaintiffs allege that Computershare "breached the Merger Agreement," a contract to which Computershare was not a party. (Complaint, ¶93). As a result, Plaintiffs have failed to plead a viable breach of contract claim against Computershare.

Plaintiffs' breach of the implied covenant of good faith and fair dealing against Computershare fails for the same reasons (and more) as its breach of contract claim. "Because a claim for breach of the implied covenant is contractual, the elements are those of a breach of contract claim." Whitestone REIT Operating P'ship, L.P. v. Pillartone Cap. REIT, C.A. No. 2022-0607-LWW, 2024 Del. Ch. LEXIS 16 at *15 (Del. Ch. Jan. 25, 2024). "In order to plead successfully a breach of an implied covenant of good faith and fair dealing, the plaintiff must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff. Anderson v. Wachovia Mort. Corp., 497 F. Supp.2d 572, 581-82 (D. Del. 1999) (applying Delaware law) (quoting Fitzgerald v. Cantor, C.A. No. 16297-NC, 1998 Del. Ch. LEXIS 212 at *4 (Ch. Nov. 10. 1998)).

Count II of the Complaint is entitled "**Breach of the Implied Covenant of Good Faith and Fair Dealing."** (Complaint, Count II). In Count II, Plaintiffs allege in pertinent part:

> 102. As described herein, the Defendants, as parties to the Merger Agreement, had an obligation to promptly make available [to] the Plaintiffs [the] converted Illumina Shares to them.
>
> 103. As described herein, the Defendants engaged in arbitrary and unreasonable conduct which deprived the Plaintiffs of the benefits they were to receive, as intended third-party beneficiaries, under the Merger Agreement.

(Complaint, ¶¶102, 103).

Because Count II is grounded upon the allegation that Computershare was a party to the Merger Agreement,[5] and Computershare has conclusively established that it was not a party to the Merger Agreement, Plaintiffs' breach of the implied covenant of good faith and fair dealing claim fails as a matter of law.

---

[5] Count II does not allege that the implied covenant of good faith and fair dealing applies to the contract under which Computershare acted as an Exchange Agent for Illumina.

{01752254.DOC }   6

Moreover, under Delaware law, "[s]ince a court can only imply a contractual obligation when the express terms of the contract indicate that the parties would have agreed to the obligation had they negotiated the issue, the plaintiff must advance provisions of the agreement that support this finding in order to allege sufficiently a specific implied contractual obligation." Fitzgerald, 1998 Del. Ch. LEXIS 212 at *5 (Del. Ch. Nov. 10. 1998). Here, however, Plaintiffs have not advanced any provisions of any agreement to which Computershare is a party that would support a finding that Computershare owed an implied obligation to Plaintiffs "to promptly make available [t]o the Plaintiffs [the] Illumina Shares . . ." Accordingly, Plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing against Computershare.

## CONCLUSION

For these reasons, and those set forth in Points I and II of Illumina's and GRAIL's memorandum of law, Computershare respectfully requests that this Court grant Computershare's motion to dismiss Plaintiffs' Complaint.

Dated:  Florham Park, New Jersey
        August 20, 2024

Respectfully submitted,

SAIBER LLC
Attorneys for Defendant
Computershare Trust Company, N.A.

By:_____
    JAMES H. FORTE. (JF 2248)
    18 Columbia Turnpike, Suite 200
    Florham Park, New Jersey 07932
    Tel. (973) 622-3333
    E-mail:  jforte@saiber.com

{01752254.DOC }   7