UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE PROJECT, LLC, a New York limited liability company, and DR. PETER BACH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, GRAIL, INC., a Delaware corporation, and COMPUTERSHARE TRUST COMPANY, N.A.,<br><br>　　　　Defendants. | Case No. 1:24-cv-03872-DLC |

---

## MEMORANDUM OF LAW OF DEFENDANT COMPUTERSHARE TRUST COMPANY, N.A. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

---

James H. Forte, Esq. (JF 2248)
Saiber LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
Attorneys for Defendant
Computershare Trust Company, N.A.

{01758173.DOC }

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF RELEVANT FACTS ....................................................................... 3

STANDARD OF REVIEW .......................................................................................... 4

ARGUMENT ............................................................................................................... 4

    I.      PLAINTIFFS' FAILURE TO IDENTIFY ANY PROVISION OF THE
           ALLEGED EXCHANGE AGENT AGREEMENT THAT
           COMPUTERSHARE BREACHED MANDATES THE DISMISSAL OF
           THEIR BREACH OF CONTRACT CLAIM ......................................................... 4

    II.     PLAINTIFFS' BREACH OF THE IMPLIED COVENANT OF GOOD
           FAITH AND FAIR DEALING CLAIM IS DUPLICATIVE OF THEIR
           BREACH OF CONTRACT CLAIM ..................................................................... 7

CONCLUSION ........................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Alter v. Bogoricin,
No. 97 Civ. 0662 (MBM), 1997 U.S. Dist. LEXIS 17369 (S.D.N.Y. Nov. 6,
1997) ....................................................................................................................................8

Americorp Fin., Inc. v. St. Joseph's Hosp. Health Ctr.,
180 F. Supp. 2d 387 (N.D.N.Y. 2001).................................................................................5

Ari & Co. v. Regent Int'l Corp.,
273 F. Supp. 2d 518 (S.D.N.Y. 2003).................................................................................8

Crux v. Fxdirectdealer, LLC,
720 F.3d 115 (2d Cir. 2003)................................................................................................8

Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.,
837 F. Supp. 2d 162 (S.D.N.Y. 2011)..............................................................................4, 7

Harris v. Provident Life & Accident Ins. Co.,
310 F.3d 73 (2d Cir. 2002)..................................................................................................8

Hunt Constr. Grp, Inc. v. Berkley Assur. Co.,
21-2532-cv, 2022 U.S. App. LEXIS 35267 (2d Cir. Dec. 21, 2022)...................................8

JN Contemp. Art LLC v. Phillips Auctioneers LLC,
507 F. Supp. 3d 490 (S.D.N.Y 2020), aff'd, 29 F.4th 118 (2d Cir. 2022).....................8, 9, 10

Kramer v. Lockwood Pension Servs.,
653 F. Supp. 2d 354 (S.D.N.Y. 2009).................................................................................5

Levinsohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.,
10 F. Supp. 2d 334 (S.D.N.Y. 1998)...................................................................................7

Levy v. Bessemer Trust Co., N.A.,
No. 97 Civ. 1785, 1997 U.S. Dist. LEXIS 11056 (S.D.N.Y. July 30, 1997) ..........................6

Lewis Tree Serv. v. Lucent Technologies, Inc.,
No. 99 Civ. 8556 (JDK), 2000 U.S. Dist. LEXIS 12922 (S.D.N.Y. Sept. 8,
2000) ....................................................................................................................................7

Paulicopter-Cia v. Bank of Am., N.A.,
182 A.D.3d 458, 122 N.Y.S.2d 593 (1st Dep't 2020).................................................9

Prospect St. Ventures I, LLC v. Eclipsys Sols. Corp.,
23 A.D.3d 213, 804 N.Y.S.2d 301 (1st Dept 2005).................................................9

Siradas v. Chase Lincoln First Bank, N.A.,
    No. 98 Civ. 4028 (RCC), 1999 U.S. Dist. LEXIS 15593 (S.D.N.Y. Sept. 30,
    1999) ....................................................................................................................................8

TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group,
    244 F. Supp. 2d 263 (S.D.N.Y. 2003).............................................................................8

Videri, Inc. v. ONAWHIM (OAW) Inc.,
    1:23-cv-2535-GHW, 2024 U.S. Dist. LEXIS 158859 (S.D.N.Y. Sept. 3, 2024) ....................10

W.S.A., Inc. v. ACA Corp.,
    Nos. 94-1868 (CSH), 94-1493 (CSH), 1996 U.S. Dist. LEXIS 14198
    (S.D.N.Y. Sep. 27, 1996), modified on other grounds on reconsideration, 1996
    U.S. Dist. LEXIS 18885 (S.D.N.Y. Dec. 20, 1996) ................................................................8

Williams v. Time Warner, Inc.,
    No. 09 Civ. 2962 (RJS), 2010 U.S. Dist. LEXIS 20916 (S.D.N.Y. Mar. 3,
    2010), aff'd, 2011 U.S. App. LEXIS 19849 (2d. Cir. 2011) .................................................4, 7

Wiseman v. Groep, N.V.,
    16-cv-07587 (AJN), 2017 U.S. Dist. LEXIS 161465 (S.D.N.Y. Sept. 28,
    2017) ....................................................................................................................................4

Wolff v. Rare Medium, Inc.,
    171 F. Supp. 2d 354 (S.D.N.Y. 2001)..........................................................................4, 5, 6, 7

Wolff v. Rare Medium, Inc.,
    210 F. Supp. 2d 490 (S.D.N.Y. 2002), aff'd, 65 Fed. Appx. 736 (2d Cir. 2003) ....................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................................................................................1

## PRELIMINARY STATEMENT

Defendant Computershare Trust Company, N.A. ("Computershare") submits this memorandum of law in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the First Amended Complaint of plaintiffs Life Project, LLC and Dr. Peter Bach (collectively "Plaintiffs") for failure to state a claim upon which relief can be granted.

Plaintiffs' original Complaint contained three Counts. Only Counts I and II were asserted against Computershare. In that Complaint, Plaintiffs described Counts I and II as follows:

> a) Breach of contract arising from the breach of the Merger Agreement (defined below) where Plaintiff was an intended third-party beneficiary;
>
> b) Breach of the implied covenant of good faith and fair dealing as to the Merger Agreement . . .

(Complaint, ¶2).[1]

Computershare filed a motion to dismiss the Complaint because Computershare was not a party to the Merger Agreement and thus could not have breached it.[2] Belatedly recognizing that Computershare could not possibly have liability arising from an agreement to which it was not a party, Plaintiffs did not oppose Computershare's motion. Instead, they filed a First Amended Complaint ("FAC") that deleted their prior contract claims against Computershare based upon the Merger Agreement and inserted new breach of contract and breach of the covenant of good faith and fair dealing claims against Computershare.[3] These new contract claims, which are set forth in Counts III and IV of the FAC, are based upon a so-called

---

[1]     A copy of the original Complaint with exhibits is attached as Exhibit A to the Affidavit of James H. Forte ("Forte Aff.").

[2]     (ECF Doc. No. 22).

[3]     A copy of the FAC with exhibits is attached as Exhibit B to the Forte Aff.

"Exchange Agent Agreement."  This Exchange Agent Agreement is not attached to the FAC and, to Computershare's knowledge, does not exist.  Plaintiffs do not cite any provisions of this alleged agreement in the FAC.  They also do not identify any provisions of this alleged agreement that Computershare purportedly breached.

Plaintiffs' failure to identify any provisions of the purported Exchange Agent Agreement that Computershare allegedly breached mandates the dismissal of its claims against Computershare.  As discussed herein, New York federal courts require a plaintiff to plead the specific provisions of the contract allegedly breached to adequately state a breach of contract claim.  The FAC does not do so.  Nor does the FAC cite any specific terms of this alleged Exchange Agent Agreement.  Lacking any specificity whatsoever, Plaintiffs' express contract claim based upon the allegation that Computershare breached some unidentified term in a phantom agreement must be dismissed.  <u>See</u> Point I <u>infra</u>.

Plaintiffs' breach of the implied covenant of good faith and fair dealing claim fares no better.  New York law does not recognize the existence of a breach of implied covenant of good faith and fair dealing claim where, as here, Plaintiffs have pleaded this claim based upon the same factual allegations that underlie their breach of contract claims.  Specifically, both Counts III and IV are based upon the allegation that Computershare, <u>inter alia</u>, "failed to promptly deliver the Plaintiffs' rightfully owed Shares of converted Illumina stock by failing to initially create an account for Dr. Bach to access, by failing to adequately provide a means to access such account once eventually created, and by blocking the Plaintiffs out of their accounts . . ."[4]  Because the factual basis underpinning Counts III and IV of the FAC are the same, Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is duplicative of its breach of contract claim and fails as a matter of law.  <u>See</u> Point II <u>infra</u>.

---

[4]      (FAC, ¶85).

## STATEMENT OF RELEVANT FACTS

Plaintiffs allege that they were the owners of 200,000 shares of common stock of GRAIL, Inc. ("GRAIL"). (FAC, ¶¶4, 45). They further allege that, or on about August 18, 2021, Illumina, Inc. ("Illumina") acquired GRAIL. (Id., ¶46). According to Plaintiffs, "[p]er the Exchange Ratio as provided in the Merger Agreement, the Plaintiffs' 200,000 Shares of GRAIL stock converted into 2,754 Shares of Illumina stock. (Id., ¶49).

Plaintiffs further allege that "[u]pon information and belief, Defendant Computershare was to serve as to the Exchange Agent for the merger and acquisition." (Id., ¶52). They also claim that "[a]s a result, Defendants Illumina and Computershare entered into a separate agreement (hereinafter 'the Exchange Agent Agreement'), whereby Computershare agreed to serve as the Exchange Agent for the anticipated merger and to facilitate the exchange of shares of Illumina stock in conformance of Section 3.02 of the Merger Agreement." (Id., ¶53). They maintain that "[u]nder the Exchange Agent Agreement, Computershare had an obligation to deliver the converted Illumina Shares to the Plaintiffs." (Id., ¶83).

Although the Merger Agreement references an Exchange Agent, it does not identify Computershare or any person or entity as the "Exchange Agent." (Id., ¶51). It also does not refer to an Exchange Agent Agreement. Plaintiffs have not attached the alleged Exchange Agent Agreement to the FAC. They also have not identified any provision of this purported agreement that obligated Computershare "to deliver the converted Illumina Shares to the Plaintiffs." Just the opposite, they allege that Computershare was nothing more than a depository maintaining accounts containing the converted shares and that "Defendants GRAIL and Illumina ha[ve] completely failed to timely establish a Computershare account for the Plaintiffs." (Id., ¶64).

Nonetheless, they contend that "[o]n or about August 24, 2021, the converted

Illumina Shares were issued to the respective stockholders in their Computershare account."

(Id., ¶61).  They further allege that they were unable to access their Computershare account until

September 26, 2023, and were unable to sell their shares until October 1, 2023, which they blame

on each of the defendants.  (Id., ¶¶61-77).  They seek damages based upon a drop in Illumina's

stock price from August 24, 2021, when they claim their shares should have been issued to them,

and the price at which they later sold their shares in four 5,000 tranches on October 1, 2021,

October 12, 2021, November 2, 2021 and December 22, 2021.  (Id., ¶¶77-88).

## STANDARD OF REVIEW

Computershare relies upon the Legal Standard contained in Illumina's and

GRAIL's Joint Memorandum of Law.

## ARGUMENT

## I.

## PLAINTIFFS' FAILURE TO IDENTIFY ANY PROVISION OF THE ALLEGED EXCHANGE AGENT AGREEMENT THAT COMPUTERSHARE BREACHED MANDATES THE DISMISSAL OF THEIR BREACH OF CONTRACT CLAIM

"Under New York law, to establish a breach of contract a plaintiff must plead the

following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii)

damages suffered as a result of the breach.  In pleading these elements, a plaintiff must identify

what provisions of the contract were breached as a result of the acts at issue." Wolff v. Rare

Medium, Inc., 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (internal citation omitted); accord

Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 189

(S.D.N.Y. 2011) (same); Wiseman v. Groep, N.V., 16-cv-07587 (AJN), 2017 U.S. Dist. LEXIS

161465 at *12 (S.D.N.Y. Sept. 28, 2017) (same); Williams v. Time Warner, Inc., No. 09 Civ.

2962 (RJS), 2010 U.S. Dist. LEXIS 20916 at *18 (S.D.N.Y. Mar. 3, 2010) (same), aff'd, 2011

U.S. App. LEXIS 19849 (2d. Cir. 2011).[5]

        In addition, to state a claim for breach of contract, "a plaintiff must provide

specific allegations as to an agreement between the parties, the terms of that agreement, and what

provisions of the agreement were breached as a result of the acts at issue." Kramer v. Lockwood

Pension Servs., 653 F. Supp. 2d 354, 386 (S.D.N.Y. 2009); see Americorp Fin., Inc. v. St.

Joseph's Hosp. Health Ctr., 180 F. Supp. 2d 387, 390 (N.D.N.Y. 2001) (same).

        Wolff is illustrative that New York federal courts do not hesitate to dismiss

contract claims that do not identify the specific provisions of the contract breach. There, plaintiff

shareholders of an acquired company known as Big Hand, Inc. ("Big Hand") alleged that the

defendant acquirer ("Rare Medium") had breached the Merger Agreement by which it acquired

Big Hand. 171 F. Supp. 2d at 356. Shortly after the merger, the price of Rare Medium's stock

began to fall rapidly. Id. at 357. In response, plaintiff shareholders contacted Morgan Stanley to

enter into certain transactions that would lock in the price of Rare Medium's stock within a

certain range ("Attempted Transactions"). Id. Morgan Stanley, however, did not make the

Attempted Transactions because, according to plaintiffs, Rare Medium advised Morgan Stanley

that the Attempted Transactions were not permitted. Id. Without identifying the specific

provisions that permitted them to make the Attempted Transactions, plaintiff shareholders

generally alleged that Rare Medium's actions constituted a breach of the Merger Agreement. Id.

        Rare Medium filed a motion to dismiss plaintiffs' breach of contract claim

because it lacked the required specificity. Granting the motion, this Court held:

---

[5]    Plaintiffs have not identified the law governing this alleged Exchange Agent Agreement. Because
Plaintiffs have not attached this Agreement to the FAC, and Computershare has no knowledge of its existence, it has
applied law of the forum, i.e., New York law, to Plaintiffs' claims arising from this fictitious agreement.

> In this case, the complaint fails to provide Rare Medium notice of the contractual provision allegedly breached, or the nature of the breach; it states only "The Attempted Transactions were clearly permitted and it was a breach of the Acquisition Agreement for Rare Medium to block them. . . Accordingly, Rare Medium's motion to dismiss Plaintiffs' breach of contract claim is granted, and Plaintiff are granted leave to replead the breach of contract claim to specify which provision in the contract they rely upon as requiring Rare Medium to authorize the Attempted Transactions.

Id. at 358-59.

Plaintiff shareholders then filed an amended complaint. In response, Rare Medium filed another motion to dismiss. Wolff v. Rare Medium, Inc., 210 F. Supp. 2d 490, 492 (S.D.N.Y. 2002), aff'd, 65 Fed. Appx. 736 (2d Cir. 2003). Because the amended complaint still failed to identify a specific provision of the Merger Agreement that Rare Medium allegedly breached, this Court again granted Rare Medium's motion to dismiss. In reaching that decision, this Court ruled that "[f]or a breach of contract claim to exist, the Plaintiffs 'must identify what provisions of the contract [were] breached as a result of the acts at issue.'" 210 F. Supp. 2d at 496 (quoting Levy v. Bessemer Trust Co., N.A., No. 97 Civ. 1785, 1997 U.S. Dist. LEXIS 11056 at *5 (S.D.N.Y. July 30, 1997)).

Like the deficient complaint and amended complaint in Wolff, the FAC does not contain the requisite factual allegations to plead a viable breach of contract claim against Computershare. Count III of the FAC is entitled "**Breach of Contract/Intended Third-Party Beneficiary of Exchange Agent Agreement**." In that Count, Plaintiffs allege that "[u]nder the Exchange Agent Agreement, Computershare had an obligation to deliver the converted Illumina Shares to the Plaintiffs." (FAC, ¶83). Plaintiffs, however, have not cited any provision of the alleged Exchange Agent Agreement under which Computershare agreed that it would "deliver the converted Illumina Shares to the Plaintiffs," whether "promptly" or otherwise.

In the FAC, Plaintiffs also failed to identify any of the terms of this alleged Exchange Agent Agreement, assuming arguendo one existed.  Nor did they identify any provisions of this purported Exchange Agent Agreement that Computershare purportedly breached.  As this Court in Wolff recognized, "[t]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable [that party] to answer and prepare for trial."  171 F. Supp. 2d at 358 (citing Levinsohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc., 10 F. Supp. 2d 334, 344 (S.D.N.Y. 1998)).  Without citing any provision of this alleged Exchange Agent Agreement that Computershare allegedly breached, the FAC does not provide Computershare with fair notice of Plaintiffs' breach of contract claim.  Wolff, 171 F. Supp. 2d at 358; see Ellington Credit Fund, 837 F. Supp. 2d 162, 189 (S.D.N.Y. 2011) ("Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract.").  Therefore, Count III of the FAC fails as a matter of law.  See Williams v. Time Warner, Inc., 2010 U.S. Dist. LEXIS 20916 at *18 (S.D.N.Y. 2010) (ruling that "[b]ecause the Complaint fails to allege Defendants' violation of a specific, enforceable contractual provision, [plaintiff's] contractual claim must be dismissed"); Lewis Tree Serv. v. Lucent Technologies, Inc., No. 99 Civ. 8556 (JDK), 2000 U.S. Dist. LEXIS 12922 at *15 (S.D.N.Y. Sept. 8, 2000) (dismissing breach of contract claim because plaintiffs "fail[ed] to identify any particular contractual provision that the defendants have allegedly breached").

## II.

## PLAINTIFFS' BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM IS DUPLICATIVE OF THEIR BREACH OF CONTRACT CLAIM

Plaintiffs' breach of the implied covenant of good faith and fair dealing against Computershare also fails to state a claim in which relief may be granted.  "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith

and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002); accord Hunt Constr. Grp, Inc. v. Berkley Assur. Co., 21-2532-cv, 2022 U.S. App. LEXIS 35267 at *7 (2d Cir. Dec. 21, 2022) (same).  Specifically, "[w]hen a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant."  Crux v. Fxdirectdealer, LLC, 720 F.3d 115, 125 (2d Cir. 2003); accord JN Contemp. Art LLC v. Phillips Auctioneers LLC, 507 F. Supp. 3d 490, 505 (S.D.N.Y 2020) (same), aff'd, 29 F.4th 118 (2d Cir. 2022).  "[A] breach of the implied covenant of good faith claim can survive a motion to dismiss 'only if it is based on allegations different than those underlying the accompanying breach of contract claim.'"  Ari & Co. v. Regent Int'l Corp., 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003) (quoting Siradas v. Chase Lincoln First Bank, N.A., No. 98 Civ. 4028 (RCC), 1999 U.S. Dist. LEXIS 15593 at *6 (S.D.N.Y. Sept. 30, 1999)).

"This court has consistently dismissed claims for breach of the implied covenant of good faith as 'redundant where the conduct allegedly violating the implied covenant is also the predicate for breach . . . of an express provision of the underlying contract.'"  Ari & Co., 273 F. Supp. 2d at 522 (quoting TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group, 244 F. Supp. 2d 263, 278 (S.D.N.Y. 2003); see Alter v. Bogoricin, No. 97 Civ. 0662 (MBM), 1997 U.S. Dist. LEXIS 17369 at * (S.D.N.Y. Nov. 6, 1997) ("one court in this district recently has observed that every court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative") (citing W.S.A., Inc. v. ACA Corp., Nos. 94-1868 (CSH), 94-1493 (CSH), 1996 U.S. Dist. LEXIS 14198 at *9 (S.D.N.Y. Sep. 27, 1996), modified on other grounds on reconsideration, 1996 U.S. Dist. LEXIS 18885 (S.D.N.Y. Dec. 20, 1996)).

Count IV of the FAC is entitled "**Breach of the Implied Covenant of Good**

**Faith and Fair Dealing With Respect to the Exchange Agent Agreement."**  (Complaint,

Count IV) (Emphasis on original).  In Count IV, Plaintiffs allege in pertinent part:

> 130.    As described herein, Defendant Computershare, as a party
> to the Exchange Agent Agreement, had an obligation to promptly
> make available the Plaintiffs converted Illumina Shares to them.
>
> 131.    As described herein, the Defendants engaged in arbitrary
> and unreasonable conduct which deprived the Plaintiffs of the
> benefits they were to receive, as intended third-party beneficiaries,
> under the Exchange Agent Agreement.

(FAC, ¶¶130, 131).

Because Count IV is grounded upon conduct "described herein," i.e.,

Computershare's purported failure to adhere to some unidentified terms of an alleged Exchange

Agent Agreement, Plaintiffs' claim for breach of the implied covenant of good faith and fair

dealing in Count IV is duplicative of their breach of contract in Count III and must be dismissed.

There is a second reason why Plaintiffs' claim for breach of the implied covenant

of good faith and fair dealing fails.  This Court has recognized that "in order to survive a motion

to dismiss [a claim based on the implied covenant of good faith and fair dealing], a complaint

must supply 'specific factual allegations' of bad faith."  JN Contemp. Art LLC, 507 F. Supp. 3d

at 505 (citing Prospect St. Ventures I, LLC v. Eclipsys Sols. Corp., 23 A.D.3d 213, 214, 804

N.Y.S.2d 301, 302 (1st Dept 2005)); see Paulicopter-Cia v. Bank of Am., N.A.,  182 A.D.3d 458,

459, 122 N.Y.S.2d 593, 594 (1st Dep't 2020) (dismissing claim for breach of the implied

covenant of good faith and fair dealing because complaint did not make specific non-conclusory

allegations of bad faith on defendant's part).  Moreover, "a failure to perform in a reasonably

time manner 'is merely a breach of the underlying contract,'" and does not give rise to a claim

for breach of the covenant of good faith and fair dealing."  Videri, Inc. v. ONAWHIM (OAW)

Inc., 1:23-cv-2535-GHW, 2024 U.S. Dist. LEXIS 158859 at *4 (S.D.N.Y. Sept. 3, 2024)

(quoting JN Contemp. Art LLC, 507 F. Supp. 3d at 505).

   The FAC does not contain any allegations of "bad faith" on the part of

Computershare, either specific or general.  The best that can be said of the FAC is that it alleges

that Computershare did not timely perform an obligation that plaintiffs allege can be found in

some unstated provision in an agreement that does not exist (as evidenced by Plaintiffs' failure to

attach this Agreement to its initial or First Amended Complaint).  Because this allegation does

not, as a matter of law, give rise to a breach of the implied covenant of good faith and fair

dealing, Count IV of the First Amended Complaint must be dismissed.

## CONCLUSION

   For these reasons, Computershare respectfully requests that this Court grant

Computershare's motion to dismiss the FAC.

Dated: Florham Park, New Jersey
   October 11, 2024

         Respectfully submitted,

         SAIBER LLC
         Attorneys for Defendant
         Computershare Trust Company, N.A.

         By:_____
          JAMES H. FORTE (JF 2248)
          18 Columbia Turnpike, Suite 200
          Florham Park, New Jersey 07932
          Telephone Number: (973) 622-3333
          E-mail:  jforte@saiber.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE PROJECT, LLC, a New York limited liability company, and DR. PETER BACH,<br><br>    Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, GRAIL, INC., a Delaware corporation, and COMPUTERSHARE TRUST COMPANY, N.A.,<br><br>    Defendants. | Case No. 1:24-cv-038732-DLC<br><br><br>CERTIFICATE OF SERVICE |

    I, JAMES H. FORTE, a member of the bar of this Court, hereby certifies that on October 11, 2024, I caused a true and correct copy of the Notice of Motion of defendant Computershare Trust Company, N.A. to dismiss the First Amended Complaint, Affidavit of James H. Forte and supporting Memorandum of Law upon counsel of record by CM/ECF and electronic mail.

_____
JAMES H. FORTE

Dated: October 11, 2024